[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14174
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21790-JLK

ALEXANDER ZAMORA,

Plaintiff-Appellant,

versus

WILLIAMS-SONOMA STORES, INC.,
a California corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Alexander Zamora appeals from the district court's grant of summary

judgment to his former employer, Williams-Sonoma Stores, Inc. ("Williams-Sonoma"), in his action alleging both discrimination and retaliation under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a); the Americans With Disabilities Act, 42 U.S.C. §§ 12112(a) and 12203(a); and state law.[1] Zamora alleged that, during the course of his employment as an assistant store manager, Williams-Sonoma discriminated against him on the basis of his Cuban national origin and retaliated against him for opposing such discrimination. He also alleged that Williams-Sonoma discriminated against him on the basis of a disability, namely a chronic ankle condition, and retaliated against him for requesting accommodations for this condition. The district court granted Williams-Sonoma summary judgment on the ground that Zamora failed to make out a prima facie case for any of his claims. We have carefully reviewed the record, as well as the parties' briefs, and we reach the same conclusion, finding no genuine issues of material fact. Accordingly, we affirm the district court's grant of summary judgment in favor of Williams-Sonoma.

**AFFIRMED.**

---

[1] "This Court reviews de novo summary judgment rulings and draws all inferences and reviews all evidence in the light most favorable to the non-moving party. Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (citations omitted).